THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ A. TORRES RODRÍGUEZ, Defendant and Appellant.

No. CR-69-80.    Decided October 28, 1969.

*Guillermo S. Pierluisi* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

PER CURIAM: Defendant appeals from a judgment which sentenced him to pay a $100 fine for driving a motor vehicle under the influence of intoxicating liquor. He contends that "the court erred in not excluding the evidence of the chemical analysis of the urine sample taken from defendant and on the contrary it admitted said evidence for the purpose of convicting defendant of the offense charged against him."

The policeman who intervened with the appellant was the person who took the sample. It was not established whether he was instructed to the effect that upon taking the urine sample he must empty his bladder completely. He maintains that the sample should have been taken by a graduate nurse and that he should have been instructed to empty his bladder completely. He alleges, also, that no less than 10 milliliters of urine, more or less, should be deposited in each one of the three vials and that in the present case only 5 milliliters were deposited in each vial. He invokes 9 R.&R.P.R. § 1043–1 (b) and § 1043–2 (b).[1] We do not agree with appellant.

█  The Regulations provide that the urine samples from men shall be collected by the same persons authorized to collect the blood samples or *by the police officer or member.*

---

[1] The Regulations provide thus:
Section 1043–1 (b)

"The person shall empty his bladder completely in a clean and dry vial from which the sample shall be collected.

"The urine samples from men shall be collected by the same persons authorized to collect the blood samples or by a *police officer or member.*

"In the case of women, the samples shall be collected by a policewoman or they will be taken to a state or municipal hospital or a health center where a nurse will collect the sample." (Italics ours.)
Section 1043–2 (b)

"Not less than 10 milliliters, approximately, of urine shall be deposited into each of the 3 vials provided for this purpose."

Although the Regulations provide that "the person shall empty his bladder completely in a clean and dry vial . . ." not doing it, instead of prejudicing him, benefits him. It benefits him because the reason to require the subject to empty the bladder completely is to remove previously the urine collected there before alcoholic absortion by the body begins. *Chemical Test For Intoxication—Prosecution Viewpoint*, 1 Trauma 3:19–29 (1959 ed.) ; 6 Am. Jur. Proof of Facts 496. And with regard to the amount each vial should hold, the obvious purpose is to guarantee that it is sufficient to perform the analysis. The amount vialed was sufficient. There is evidence in the record to the effect that there was no difficulty in making the analysis.

The judgment appealed from will be affirmed.

Mr. Justice Santana Becerra concurs in the result without opinion. Mr. Justice Hernández Matos did not participate herein.

